FILED

FEB 21 2019

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | 19 CR 54 |
| v. | ) | |
| | ) | Violations: Title 18, United States |
| JACQUELINE KENNEDY-ROBEY, | ) | Code, Section 1341 |
| also known as "Jacqueline Kennedy" | ) | |

JUDGE RONALD GUZMAN

MAGISTRATE JUDGE VALDEZ

### COUNT ONE

The SPECIAL JULY 2018 GRAND JURY charges:

1. At times material to this Indictment:

    a. JACQUELINE KENNEDY-ROBEY, also known as "Jacqueline Kennedy," lived in the Northern District of Illinois.

    b. Individual A lived in the Northern District of Illinois.

    c. Dealership A was an automobile dealership in Oak Lawn, Illinois.

    d. Dealership B was an automobile dealership in Joliet, Illinois.

    e. Lenders A and C were financial institutions, insured by the FDIC, whose lending activities included providing customers with automobile loans and credit card accounts.

    f. Lender B, an automobile financing company and wholly-owned subsidiary of an FDIC-insured financial institution, provided customers with automobile loans.

1

g. Lenders, including Lenders A, B, and C, required automobile loan and credit card applicants to provide truthful information about the applicant's financial condition, including employment and income, which was material to lenders' approval, terms, and funding of loans and credit.

2. Beginning no later than in or around September 2017, and continuing to in or around November 2017, in the Northern District of Illinois, and elsewhere,

JACQUELINE KENNEDY-ROBEY,
also known as "Jacqueline Kennedy,"

defendant herein, and others known and unknown to the grand jury, devised and participated in a scheme to defraud lenders, and to obtain money and property owned by and under the custody and control of those lenders, by means of materially false and fraudulent pretenses and representations, and by concealment of material facts, which scheme affected a financial institution and is further described below.

3. It was part of the scheme that defendant KENNEDY-ROBEY and others, including Individual A, knowingly caused false and fraudulent credit applications and supporting materials to be provided to lenders, causing lenders to issue credit to KENNEDY-ROBEY in an amount exceeding $57,000.

4. It was further part of the scheme that defendant KENNEDY-ROBEY provided credit applications with inflated income and false representations about employment to Lender A through Dealership A and, along with Individual A, to Lender B through Dealership B.

5. It was further part of the scheme that defendant KENNEDY-ROBEY, along with Individual A, caused to be sent to lenders fictitious paystubs which listed false employment and income information.

6. It was further part of the scheme that defendant KENNEDY-ROBEY caused credit application materials containing false information to be sent to lenders via commercial interstate carriers, including FedEx and UPS.

7. It was further part of the scheme that defendant KENNEDY-ROBEY caused lenders to approve and fund the following loans based upon the false and fraudulent application materials and information that KENNEDY-ROBEY provided, and caused to be provided, to lenders:

    a. On or about September 14, 2017, a loan of approximately $33,459 by Lender A to defendant KENNEDY-ROBEY for the purchase of a 2012 Mercedes-Benz SUV; and

    b. On or about November 15, 2017, a loan of approximately $24,069 by Lender B to defendant KENNEDY-ROBEY and Individual A for the purchase of a 2016 Kia SUV.

8. It was further part of the scheme that defendant KENNEDY-ROBEY provided false income information to lenders, including Lender C, to obtain a credit card account in the name of KENNEDY-ROBEY.

9. It was further part of the scheme that defendant KENNEDY-ROBEY and others concealed, misrepresented, and hid, and caused to be concealed,

misrepresented, and hidden, the existence, purpose, and acts done in furtherance of the scheme.

10. On or about September 21, 2017, at Oak Lawn, in the Northern District of Illinois, Eastern Division, and elsewhere,

>JACQUELINE KENNEDY-ROBEY,
>also known as "Jacqueline Kennedy,"

defendant herein, for the purpose of executing the above-described scheme, and attempting to do so, did cause to be sent and delivered by FedEx, a commercial interstate carrier, according to the direction thereon, a credit application in the name of KENNEDY-ROBEY and addressed to Lender A;

In violation of Title 18, United States Code, Section 1341.

4

## COUNT TWO

The SPECIAL JULY 2018 GRAND JURY further charges:

1. Paragraphs 1 through 9 of Count One of this Indictment are incorporated here.

2. On or about September 21, 2017, at Joliet, in the Northern District of Illinois, Eastern Division, and elsewhere,

JACQUELINE KENNEDY-ROBEY,
also known as "Jacqueline Kennedy,"

defendant herein, for the purpose of executing the above-described scheme, and attempting to do so, did cause to be sent and delivered by UPS, a commercial interstate carrier, according to the direction thereon, a credit application in the name of KENNEDY-ROBEY and Individual A and addressed to Lender B;

In violation of Title 18, United States Code, Section 1341.

## FORFEITURE ALLEGATION

The SPECIAL JULY 2018 GRAND JURY further alleges:

1. Upon conviction of an offense in violation of Title 18, United States Code, Section 1341, affecting a financial institution, as set forth in this Indictment, defendant shall forfeit to the United States of America any property which constitutes and is derived from proceeds obtained directly and indirectly as a result of the offense, as provided in Title 18, United States Code, Section 982(a)(2)(A).

2. The property to be forfeited includes, but is not limited to:

    a. a personal money judgment in the amount of approximately $57,729.

3. If any of the property described above, as a result of any act or omission by a defendant: cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third party; has been placed beyond the jurisdiction of the Court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty, the United States of America shall be entitled to forfeiture of substitute property, as provided in Title 21, United States Code Section 853(p).

A TRUE BILL:

_____
FOREPERSON

_____
UNITED STATES ATTORNEY

6